Insurance Commissioner
ACCEPTED SOP
OCT 15 2020
TIME: 3PM

COPY
ORIGINAL FILED
OCT 0 8 2020
CLERK'S OFFICE
FERRY COUNTY

## SUPERIOR COURT OF THE STATE OF WASHINGTON FOR FERRY COUNTY

WAYNE JONES and CINDY JONES, husband and wife,

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

No. 20 2 00051 10

COMPLAINT FOR BREACH OF CONTRACT, FAILURE TO ACT IN GOOD FAITH, VIOLATION OF CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF

### I.  PARTIES

1. Wayne and Cindy Jones, were at all relevant times insureds of defendant Liberty Mutual Insurance Company. Plaintiffs reside in Kettle Falls, Washington.

2. Defendant Liberty Mutual Insurance Company is a foreign insurer authorized to conduct business in Washington. Upon information and belief, Liberty Mutual Insurance Company is a foreign corporation with its principal place of business in Massachusetts.

3. Defendant is vicariously liable for the acts and omissions of its employees and agents, including any outside person or entity to whom defendant assigned claims-handling or investigative responsibilities.

COMPLAINT - 1

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

## II. JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction under RCW 2.08.010.

5. This Court has personal jurisdiction over defendant.

6. Venue is proper in this Court under RCW 4.12.020 because the cause of action arose in this County.

## III. CONDITIONS PRECEDENT

7. All conditions precedent were performed or have occurred.

## IV. FACTUAL ALLEGATIONS

8. Defendant issued an insurance policy to plaintiffs insuring their home located at 27 Breezy Top Ln., Kettle Falls, Washington. The policy covered plaintiffs, their home, and their personal property. Plaintiffs paid a valuable premium for the coverages and protections contained in the policy.

9. The policy number is H3726809196470. The policy period was November 7, 2017–November 7, 2018.

10. Plaintiffs are insureds and first-party claimants under the policy.

11. Plaintiffs experienced fire loss on or about August 11, 2018.

12. Plaintiffs timely notified their insurer of the loss.

13. The policy issued by defendant covers all losses incurred by plaintiffs resulting from the loss. The policy also promises other benefits, including damage to contents.

14. Plaintiffs suffered a total loss of their property due to the fire.

15. Their personal property and shop were destroyed as a result of the fire.

16. Defendant failed to explain to plaintiffs their rights and benefits under the policy.

COMPLAINT - 2

17. Defendant failed to timely communicate with plaintiffs.

18. Defendant's failure to live up to its obligations under the policy and its obligations under industry standards and the Washington Administrative Code Fair Claims Practices Regulations have caused plaintiffs severe emotional strain and stress.

19. Plaintiffs were forced to hire attorneys and their own experts to investigate the loss because defendant improperly transferred the burden of investigation to them.

20. Plaintiffs' claim has yet to be resolved.

21. Insurance companies such as defendant owe their policyholders numerous duties upon the occurrence of a loss under an insurance policy. For example:

- Insurance companies owe their policyholders a duty of good faith.

- Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.

- Insurance companies are prohibited from engaging in conduct toward their policyholders that is in any way unreasonable, frivolous, or unfounded.

- Insurance companies must conduct a full, fair, and prompt investigation of all material aspects of the insurance claim at their own expense.

22. The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies. Defendant owes those duties to plaintiffs. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference. *See* WAC 284-30-330 to -380.

23. Insurance industry standards in the State of Washington require defendant to comply with the Unfair Claim Settlement Practices Regulation. The regulation reflects minimum industry standards.

COMPLAINT - 3

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

24. Insurance companies are prohibited by industry standards and Washington Administrative Code Regulations (*see* WAC 284-30-330 to -380) from:

- Misrepresenting facts and policy provisions.
- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
- Failing to adopt and implement reasonable standards for the prompt investigation of claims.
- Failing to advise insured of what is necessary to complete the claim.
- Failing to assist the insured.
- Refusing to pay claims without a reasonable investigation.
- Compelling first party claimants to initiate litigation by offering substantially less than the amounts due under policies.
- Failing to promptly settle claims where liability has become reasonably clear.
- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.
- Failing to disclose all rights and benefits under an insurance policy to the insured.
- Failing to provide an explanation of the coverage under which payments were made.
- Attempting to transfer the cost of investigation to the insured.
- Failing to complete a full and fair investigation within 30 days.
- Insurance companies are responsible for the accuracy of evaluations to determine actual cash value.

25. To ensure compliance with legal and industry standards:

- insurance companies have a responsibility to properly train employees involved in claims-handling activity; and

COMPLAINT - 4

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

- insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

26. Defendant violated all the above standards and Washington Administrative Code Regulations.

27. Defendant failed to perform a full and fair investigation of the claim and has denied the benefits to which plaintiffs are entitled under the Policy.

28. Defendant constructively denied coverage for plaintiffs' claim.

29. Defendant cannot rely on internal time limitations in the policy when it does not perform a full and fair investigation into the loss on a timely basis.

30. Because of defendant's conduct, plaintiffs have been damaged in several ways including, without limitation, the following:

- Loss of use and enjoyment of their property;
- Incurring the expense of retaining experts, which should have been done by defendant;
- Incurring investigative expenses that should have been borne by defendant;
- Having to hire counsel;
- Being denied payment under their policy for all rights and benefits;
- Exposure to increased inconvenience;
- Economic impairment;
- Spending substantial time dealing with the insurance claim; and
- Emotional distress, aggravation, and anxiety.

### V. CAUSES OF ACTION

#### CLAIM NO. 1. DECLARATORY JUDGMENT

31. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

COMPLAINT - 5

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

32. Plaintiffs seek a judgment:

- declaring that Plaintiffs are entitled to every coverage to which plaintiffs are entitled under the Policy, including benefits for multiple losses;
- declaring the benefits to which plaintiffs are entitled; and
- declaring that defendant is estopped from asserting any time limitation in the insurance policy as a defense to coverage due to defendant's bad faith.

33. Defendant is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51-53, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

## CLAIM NO. 2. BREACH OF CONTRACT

34. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

35. The policy is a valid, enforceable contract.

36. Plaintiffs are entitled to full compliance with the policy.

37. Plaintiffs are entitled to coverage and every benefit available to plaintiffs under the policy.

38. Plaintiffs seek judgment with respect to all coverages and benefits that apply to the facts of this case, including benefits for multiple losses.

39. Defendant breached its obligations under the policy as alleged throughout this Complaint.

40. Plaintiffs have sustained damage in an amount to be proven at trial.

COMPLAINT - 6

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

41. In addition to plaintiffs' damages, defendant is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51–53, 811 P.2d 673 (1991).

### CLAIM NO. 3. VIOLATION OF DUTY OF GOOD FAITH

42. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

43. Defendant violated its duty of good faith.

44. Defendant's conduct as alleged throughout this Complaint was unreasonable and in bad faith.

45. Defendant is in violation of the Unfair Claim Settlement Practices Regulation.

46. Defendant is in violation of industry standards for the handling of insurance claims.

47. Plaintiffs sustained damage as a result of defendant's conduct.

48. Defendant is liable for Plaintiffs' consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

### CLAIM NO. 4. NEGLIGENT CLAIMS HANDLING

49. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

50. Defendant's handling of the insurance claim was unreasonable.

51. Defendant is in violation of the Unfair Claim Settlement Practices Regulation.

52. Defendant is in violation of industry standards for the handling of insurance claims.

53. Plaintiffs sustained damage as a result of defendant's conduct.

COMPLAINT - 7

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

## CLAIM NO. 5. CONSUMER PROTECTION ACT (CPA), RCW 19.86.090

54. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

55. As alleged throughout this Complaint, defendant engaged in unfair or deceptive acts or practices.

56. Defendant's conduct occurred in trade or commerce.

57. Defendant is in violation of the Unfair Claims Settlement Practices Regulation.

58. Defendant acted in bad faith.

59. Defendant's conduct affected the public interest.

60. Defendant's conduct caused injury to plaintiffs' "business or property," as those terms are defined for purposes of the CPA.

61. Plaintiffs sustained damage as a result of defendant's conduct.

62. In addition to plaintiffs' damages, defendant is liable for attorney fees and costs under RCW 19.86.090.

63. The Court should order defendant to pay enhanced damages under RCW 19.86.090.

## CLAIM NO. 6. CPA INJUNCTION

64. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

65. Plaintiffs assert a claim for injunctive relief under the CPA.

66. The Court should enjoin defendant from further acts that violate the Washington Administrative Code, the Insurance Code, or the CPA. The Court should require defendant to enact procedures by which the company would live up to its legal obligations to perform its obligations to policyholders. Under CR 65, plaintiff is not required to articulate the specific terms of the injunction until the time of judgment. Nonetheless, appropriate injunctive relief

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

could include a mandate for new training, guidelines, and supervision and the appointment of a special master for a limited time to oversee the implementation of such a mandate.

67. Defendant is liable for reasonable attorney fees and costs under RCW 19.86.090.

## CLAIM NO. 7. (RESERVED) INSURANCE FAIR CONDUCT ACT (IFCA), RCW 48.30.015

68. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

69. Plaintiffs have provided a 20-day notice requirement to Liberty Mutual under IFCA.

70. In the event Liberty Mutual does not resolve plaintiffs' claims within the notice period, plaintiffs reserve the right to file a cause of action under the Insurance Fair Conduct Act, RCW 48.30.015, but do not do so at this time.

## CLAIM NO. 8. CONSTRUCTIVE FRAUD

71. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

72. Defendant owed plaintiffs a quasi-fiduciary duty.

73. The acts described above constitute a breach of that duty.

74. Plaintiffs experienced damage as a proximate result.

75. Plaintiffs are entitled to recover reasonable attorney fees for defendant's constructive fraud.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

- Enter a declaratory judgment as stated;
- Enter a money judgment against defendant in the amount we will prove;

COMPLAINT - 9

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

1   o   Enter an injunction as stated;

2   o   Award enhanced damages pursuant to RCW 19.86.090;

3   o   Award costs, disbursements, and attorney fees to the maximum extent authorized by law, including *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, for defendant's failure to act in good faith, and for defendant's constructive fraud;

4   o   Otherwise award Plaintiffs' attorney fees and costs; and

5   o   Award such other relief as is just and proper.

RESPECTFULLY SUBMITTED this 7th day of October, 2020.

**RUIZ & SMART
PLAINTIFF LITIGATION PLLC**

By: _____

Isaac Ruiz, WSBA #35237
iruiz@plaintifflit.com
William C. Smart, WSBA #8192
wsmart@plaintifflit.com
Kathryn M. Knudsen, WSBA# 41075
kknudsen@plaintifflit.com

**WEBSTER LAW OFFICE PLLC**

_____
THOMAS F. WEBSTER WSBA #37325
Tom@websterlawoffice.net

*Counsel for plaintiffs*

COMPLAINT - 10